CLD-128                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3094
_____

ANTHONY C. ALLEN,
                              Appellant

v.

J. A. ECKARD; A. EBERLING; K. M. SPARR; R. W. GOUGHNOUR; A. J. HIMES;
C. MCCONNELL; NURSE C. SWANGER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-17-cv-00996)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 27, 2020
Before:  JORDAN, KRAUSE and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 11, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Anthony C. Allen, proceeding pro se and in forma pauperis, appeals from the District Court's order granting summary judgment to the defendants. Because the appeal presents no substantial question, we will summarily affirm the judgment of the District Court.

Allen filed a complaint under 42 U.S.C. § 1983 alleging that, after escorting Allen to his cell from a prison library, two officers pulled him out of his cell and slammed him on the ground without provocation. Once Allen was on the ground, other officers, including a supervisor, responded to the scene and implemented the prison's protocol for an unplanned use of force. Although Allen alleged that he experienced medical problems attributable to the event, including bruises, scrapes, and an upper respiratory infection, a nurse observed Allen and determined that he did not need medical treatment. Allen was charged with misconduct for the incident. Following a misconduct hearing, he was sanctioned to 90 days' disciplinary confinement.

Allen claimed that (1) the officers who restrained him used excessive force, (2) two supervisors failed to protect him, (3) two medical providers were deliberately indifferent to his medical needs, and (4) the misconduct hearing examiner violated his due process rights and conspired against him. He also claimed that the supervisors failed to train and supervise officers regarding the use of force against inmates and demonstrated deliberate indifference to a known pattern of officer assaults in the Restricted Housing Unit ("RHU").

2

After filing their answer, the defendants moved for judgment on the pleadings. The District Court granted the motion in part and dismissed Allen's failure to protect claim and his claims against the misconduct hearing examiner. At the close of discovery, the defendants moved for summary judgment. The District Court granted the motion, determining that (1) video evidence of the unplanned force incident invalidated Allen's factual account regarding excessive force, (2) Allen did not exhaust his failure to train or supervise claim as required under the Prison Litigation Reform Act ("PLRA"), and (3) Allen's deliberate indifference to medical needs claim was moot because he voluntarily dismissed one of the defendants against whom the claim was made and failed to effectuate service on the other. Allen timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review de novo the District Court's grant of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). DiCarlo v. St. Mary Hosp., 530 F.3d 255, 259 (3d Cir. 2008). "Judgment will only be granted [on the pleadings] where the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law." Id. Likewise, we review de novo the District Court's grant of summary judgment. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the non-moving party. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, "all justifiable inferences are to be drawn in . . . favor" of the non-moving party. Id. at 255. However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). Additionally, we may affirm on any ground supported by the record. See Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 469 (3d Cir. 2015).

We agree with the District Court's conclusion that several of Allen's claims failed on the pleadings as a matter of law. Allen's failure to protect claim failed because he did not allege that the supervisor-defendants were in a position to intervene. See Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002) (explaining that a corrections officer is liable for failure to protect under § 1983 only if he had a "realistic and reasonable opportunity to intervene"). Allen asserted that one supervisor was present at the scene but arrived after he was restrained on the ground. He did not allege that the other supervisor-defendant was present when the incident occurred. Allen's due process claim failed because 90 days' disciplinary custody is not an "atypical and significant" hardship that implicates due process concerns. See Sandin v. Conner, 515 U.S. 472, 485–86 (1995) (explaining that "[d]iscipline by prison officials in response to a wide range of misconduct" is expected as part of an inmate's sentence); see also Mensinger, 293 F.3d at 645, 654 (holding that seven months of disciplinary confinement did not implicate a

4

prisoner's liberty interest). To the extent that Allen claimed that the misconduct hearing officer conspired against him, his bare conclusory allegation was insufficient to sustain such a claim. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178–79 (3d Cir. 2010) (holding that a § 1983 conspiracy claimant must plead specific facts addressing the time the agreement was made, the period of the conspiracy, the exact parties to the agreement, and the object of the conspiracy).

We also agree with the District Court's entry of summary judgment for the defendants as to Allen's excessive force claim. Although Allen's version of events contradicted the defendants' account, no reasonable factfinder could conclude that the officer-defendants used excessive force against Allen because videotape evidence of the incident "blatantly contradicts" Allen's version of events. See Scott, 550 U.S. at 380 (holding that videotape evidence "utterly discredited" the non-moving party's version of events and warranted summary judgment for the movant). Allen's affidavit stated that, after he was escorted to his cell, for no reason and without provocation, one of the officers pulled Allen out of the cell by the tether attached between Allen's hand restraints. After the officer pulled him out of the cell, he slammed Allen to the ground and restrained him with the help of another officer. By contrast, the officers' incident reports stated that, after being escorted to his cell, Allen turned and tried to pull his tether into the cell. When the officer holding the tether ordered Allen to turn around, Allen made an aggressive lunging gesture toward him. After a struggle for control, the officer pulled Allen from the cell and restrained him on the ground.

5

Upon review of the footage, we agree with the District Court that it contradicts Allen's version of events. The footage shows Allen being escorted by the two officers to his cell. Once Allen is inside the cell, the officer holding Allen's tether is pulled into the cell. The other officer then assists in pulling Allen out of the cell and restraining him on the ground. While the footage does not depict what occurred inside Allen's cell, it shows that Allen was removed from the cell and restrained only after the officer was pulled into the cell. Without an explanation from Allen as to what happened to pull the officer inside, no reasonable factfinder could conclude that the officers' use of force was unprovoked. And although the video is consistent with Allen's assertions that the officers brought him to the ground with significant force, and that one officer got on his back, neither fact could compel a reasonable factfinder to conclude that the officers acted "maliciously and sadistically for the purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Fuentes v. Wagner, 206 F.3d 335, 346 (3d Cir. 2000) (noting that even a prison officer's "over-reaction" to an inmate-caused disturbance would fall short of supporting a finding of excessive force where the totality of the circumstances indicated that the force was applied in a good faith effort to maintain order).

We disagree with the District Court that Allen's failure to train or supervise claim is unexhausted, but because we conclude that Allen's excessive force claim is meritless, it follows that his failure to train claim is meritless, as well. Allen alleged that the supervisor-defendants failed to train or supervise correctional officers regarding the

6

proper use of force in response to RHU inmate disturbances and exhibited deliberate indifference to a known pattern of officer assaults.  There are several ways to establish supervisory liability under § 1983.  See Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds, Taylor v. Barkes, 135 S. Ct. 2042 (2015) (per curiam) (explaining that "failure to" claims are generally considered to be a subcategory of "policy or practice" liability).  However, all of them require a showing that there was an actual constitutional violation at the hands of subordinates.  Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010); see also Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (describing the four-part test for supervisory liability).  Because Allen has not made such a showing, his failure to train or supervise claim fails.  To the extent that Allen sought to base his claim on allegations that other inmates were assaulted, he lacks standing.  See Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981) (holding that prisoners do not have standing to sue on behalf of their fellow inmates).

Finally, the District Court was correct to dismiss Allen's deliberate indifference to medical treatment claim because the defendants against whom the claim was made had been dismissed, either voluntarily by Allen or for his failure to effectuate service.  See Fed. R. Civ. P. 4(m) (stating that a defendant must be served within 90 days of the filing of the complaint).

Because Allen's appeal presents no substantial question, we will affirm the judgment of the District Court.